(July 5, 1923.)

## STATE, Respondent, v. FRANK COX, Appellant.

[216 Pac. 724.]

WITNESS—INCONSISTENT STATEMENTS—IMPEACHMENT—FAILURE TO LAY FOUNDATION.

*Held,* in this case that failure of state to lay foundation for impeachment of defendant's testimony by showing inconsistent statements by him was not prejudicial error.

APPEAL from the District Court of the Sixth Judicial District, for Butte County. Hon. Ralph W. Adair, Judge.

Conviction of crime of grand larceny.  *Affirmed.*

George Donart, A. C. Cherry and W. J. Lamme, for Appellant.

The testimony of the witness Gus Bertsch being offered for the purpose of impeaching the defendant was inadmissible in evidence, because the proper foundation for its admission had not been laid by first asking the defendant upon cross-examination as to whether or not he had made such statements, and giving him an opportunty to explain the same.  (C. S., sec. 8039; *Hilbert v. Spokane etc. Ry. Co.,* 20 Ida. 54, 116 Pac. 1116; *People v. Devine,* 44 Cal. 452; *People v. Nonella,* 99 Cal. 333, 33 Pac. 1097; *Sinkler v. Siljon,* 136 Cal. 356, 68 Pac. 1024; *Young v. Brady,* 94 Cal. 128, 29 Pac. 489; *Mason v. Vestal,* 88 Cal. 396, 22 Am. St. 310, 26 Pac. 213; *People v. Glover,* 141 Cal. 233, 74 Pac. 747; *People v. Gray,* 148 Cal. 507, 83 Pac. 707; 40 Cyc., tit. "Witnesses," pp. 2719–2723; Wigmore on Evidence (1904 ed.), secs. 1025–1029.)

Roy L. Black, Attorney General, Dean Driscoll and James L. Boone, Assistants, and J. G. Martin, Prosecuting Attorney, for Respondent.

The court should look to the competency of the evidence and not its order of reception.  (C. S., sec. 9084.)

The admission of the evidence of contradictory statements of a witness without laying a proper foundation when the witness was on the stand was not error where the witness afterward denied the testimony.  (*Hartsfield v. State* (Tex. Cr.), 29 S. W. 777; *State v. Simes,* 12 Ida. 310, 9 Ann. Cas. 1216, 85 Pac. 914; *State v. Sims,* 35 Ida. 505, 206 Pac. 1045.)

DUNN, J.—Appellant was convicted in the district court of Butte county of the crime of grand larceny in stealing an automobile.  He was sentenced to a term in the penitentiary of not less than one nor more than fourteen years, and from this judgment he has appealed.

Appellant assigns only one error, that of admitting in rebuttal the testimony of one Gus Bertsch to certain statements claimed to have been made by the appellant relative to his purchase of the automobile and to his departure from the town of Arco inconsistent with the testimony of the appellant on the trial, no foundation having been laid for such impeaching testimony by questioning appellant with regard thereto in accordance with C. S., sec. 8039, which reads in part as follows:

"A witness may also be impeached by evidence, that he has made, at other times, statements inconsistent with his present testimony; but before this can be done, the statements must be related to him, with the circumstances of times, places and persons present, and he must be asked whether he made such statements, and if so, allowed to explain them. . . . . "

There can be no question that the admission of this testimony, under the circumstances shown by the record, was error, since it was offered solely for impeachment and the foundation therefor was not laid in conformity with this statute. It is not necessary for us to determine whether this error would be sufficient to require reversal of the judgment if this were all that the record showed. In view of the other matters shown by the record, to which we will refer briefly, we think the error of the court was not prejudicial.

The appellant testified that he had purchased the automobile in question at McCall, Idaho, from one Earl Johnson for the sum of $400. He also testified to being at Arco at or about the time the automobile was lost by the owner, and that he went from Arco to Roberts and from Roberts by rail to Pocatello. The witness Bertsch, testifying on behalf of the state in rebuttal, said that after his arrest and shortly before the preliminary examination at Arco, the appellant told him that he purchased the automobile from one Johnson at Meadows, Idaho, for the sum of $600, and that when he left Arco he went to Roberts and took the train north to Montana.

After Bertsch had given this testimony, the appellant was placed upon the stand and denied the statements made by Bertsch. It would seem from this that appellant actually had the benefit of every advantage that he could have had by being previously questioned as to these inconsistent statements, and that he was not prejudiced by the error complained of. (*Hartsfield et al. v. State* (Tex. Cr.), 29 S. W. 777.)

In addition to this, the testimony shows that immediately after the defense rested the prosecuting attorney asked permission to recall appellant for the purpose of laying the foundation for impeaching his testimony. To this the defense objected, and the court sustained the objection.

Except for the objection of appellant, which under the circumstances was highly technical, the very foundation which appellant complains was not laid for impeaching his testimony would undoubtedly have been laid by the state. We think C. S., sec. 9084, is clearly applicable to this case. This section reads:

"After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

Under all the facts shown by the record, we hold that appellant was not prejudiced by the error complained of. The judgment is therefore affirmed.

McCarthy and William A. Lee, JJ., concur.

Wm. E. Lee, J., dissents.